Charles E. Gianelloni, NV Bar No. 12747
Erin M. Gettel, NV Bar No. 13877
Snell & Wilmer L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
Telephone: 702.784.5200
Email: cgianelloni@swlaw.com
egettel@swlaw.com

Ariel S. Peikes, NY Bar No. 4507521
(*Pro hac vice forthcoming*)
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone: 212.457.5442
Email: ariel.peikes@afslaw.com

*Attorneys for Plaintiff*
*American Board of Wound Management, Inc.*

SNELL & WILMER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

AMERICAN BOARD OF WOUND MANAGEMENT, INC.,

Plaintiff,

v.

KOFI SARFO, M.D.,

Defendant.

Case No.

**COMPLAINT**

**JURY DEMAND**

Plaintiff American Board of Wound Management, Inc. ("ABWM") brings this Complaint against Defendant Kofi Sarfo, M.D. ("Defendant") and alleges as follows:

1. ABWM has developed a valuable credential, the Certified Wound Specialist Physician® and CWSP® certification marks, which are registered with the United States Patent and Trademark Office. Physicians and other qualified medical practitioners may apply for certification by ABWM and, if certified, they may use these certification marks and thus hold themselves out to patients, prospective patients, and other medical professionals as having earned that certification.

2. Defendant was approved by ABWM for the CWSP certification in 2018, but he failed to satisfy the requirements for continuing certification: completion of six hours of continuing education each year and payment of the annual renewal fee. Accordingly, his certification was revoked in April 2024. At that point, he was no longer entitled to use the two certification marks or to hold himself out as certified by ABWM.

3. Despite his certification having been revoked by ABWM, and despite having repeatedly been told by ABWM to cease use of these marks, Defendant continues to hold himself out as a "Certified Wound Specialist Physician" and a "CWSP." By continuing to hold himself out as a "Certified Wound Specialist Physician" and a "CWSP," Defendant is falsely claiming an endorsement by ABWM and misleading patients, prospective patients, and other medical professionals regarding his lack of certification by ABWM.

4. ABWM brings this action to stop the misuse of its registered certification trademarks and to prevent Defendant from continuing to mislead patients, prospective patients, and medical professionals regarding Defendant's credentials.

**PARTIES**

5. Plaintiff ABWM is a not-for-profit Florida corporation with a principal place of business located at 1800 M Street, NW, Suite 400S, Washington D.C. 20036.

6. Defendant is a physician with an office located at 2909 West Charleston Boulevard, Las Vegas, NV 89102.

7. Defendant also has a residence in Las Vegas, NV.

**JURISDICTION AND VENUE**

8. This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of association with ABWM and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and trademark infringement pursuant to Nevada common law.



SNELL & WILMER

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a).

10. Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c).

**ABWM'S SERVICES AND ITS RELATED INTELLECTUAL PROPERTY RIGHTS**

11. ABWM is a not-for-profit professional association founded in 1995 to promote high standards in wound care practice and to educate medical professionals on the best practices for wound care.

12. For more than thirty years, ABWM has become a leader in certifying medical professionals in the management and treatment of wounds.

13. ABWM, among other things, certifies qualified healthcare professionals who demonstrate advanced knowledge and clinical skills in wound prevention, assessment, and treatment and who meet ABWM's requirements for continuing certification.

14. ABWM offers three distinct wound care certifications that are based on clinical experience and education level:

a. **Certified Wound Care Associate® (CWCA®)** for foundational wound care principles, assessment, and management;

b. **Certified Wound Specialist® (CWS®)** for comprehensive wound management, including complex cases, infection control, and interdisciplinary care; and

c. **Certified Wound Specialist Physician® (CWSP®)** for advanced diagnostic and medical management of acute and chronic wounds.

15. The examination for the CERTIFIED WOUND SPECIALIST PHYSICIAN certification is continuously updated to reflect new treatments and technologies, as well as refined medical practices.

16. ABWM's certifications require annual renewal, including the completion of continued medical education coursework. Certified professionals must complete six hours of





SNELL & WILMER

continuing education in the field of wound management each year, as well as pay a renewal fee to ABWM to maintain their certifications.

17. ABWM's Certified Wound Specialist Physician "Code of Ethics" includes the following statements:

> Certified providers shall engage in continuing education. Certified providers recognize that the field of wound management is developing rapidly and shall be open to evaluate and consider new products and approaches to wound management.

18. Since 2009, ABWM has used the CERTIFIED WOUND SPECIALIST PHYSICIAN and CWSP marks as a certification that certified medical professionals are meeting advanced medical and clinical requirements, including successful completion of an examination and subsequent demonstration of compliance with ABWM's requirements for certification.

19. On February 15, 2011, the United States Patent and Trademark Office ("PTO") issued to ABWM trademark registration number 3,918,691 for the certification mark CERTIFIED WOUND SPECIALIST PHYSICIAN for:

> "*medical services of physicians, namely, Medical Doctors, Doctors of Osteopathy and Doctors of Podiatry, in the field of wound management.*"

(*See* **Exhibit A**.)

20. Similarly, on March 22, 2011, the PTO issued to ABWM trademark registration number 3,935,328 for the certification mark, CWSP, also for:

> "*medical services of physicians, namely, Medical Doctors, Doctors of Osteopathy and Doctors of Podiatry, in the field of wound management.*"

(*See* **Exhibit B**.)

21. ABWM continues to own the registrations for the CERTIFIED WOUND SPECIALIST PHYSICIAN and CWSP certification marks. These trademarks are now incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

22. ABWM has expended and continues to expend considerable time, money, and effort promoting and protecting the CERTIFIED WOUND SPECIALIST PHYSICIAN and CWSP certification marks.





SNELL & WILMER

SNELL & WILMER

## DEFENDANT AND HIS INFRINGING ACTIONS

23. In or about 2017, Defendant applied for certification as an ABWM Certified Wound Specialist Physician. As part of the application process, Defendant was required to meet the following prerequisites, among others:

a. demonstrate that he is a licensed physician with at least three years of clinical wound care and direct patient care experience;

b. pass ABWM's Certified Wound Specialist Physician examination;

c. provide three letters from professional references documenting his relevant wound care experience, knowledge, skills and expertise;

d. affirm that he will adhere to ABWM's Code of Ethics; and

e. agree that he will meet all requirements for continuing certification.

24. On February 18, 2018, after Defendant demonstrated that he met all the criteria for initial certification, ABWM awarded him the Certified Wound Specialist Physician credential. This meant that Defendant then had authorization to use ABWM's registered trademarks, "Certified Wound Specialist Physician" and "CWSP," and, in particular, to market himself to patients and prospective patients as a "CERTIFIED WOUND SPECIALIST PHYSICIAN" or a "CWSP."

25. Consistent with ABWM's policies, Defendant was required to maintain his CWSP certification annually by meeting the applicable requirements for continuing certification. Those requirements include: (a) completing six hours of continuing education in the field of wound management, and (b) paying the renewal fee (approximately $175) to ABWM.

26. ABWM's annual renewal requirements are designed to help ensure that ABWM's certified practitioners remain up-to-date with current best wound care practices and emerging knowledge.

27. Leading up to the deadline for completion of the requirements to maintain certification, ABWM sent several reminders to Defendant, including by mail, email, and telephone. Defendant did not respond.

28. Defendant missed the March 31, 2024, deadline for maintaining his CERTIFIED WOUND SPECIALIST PHYSICIAN and CWSP certification.

29. Consequently, on April 1, 2024, ABWM revoked Defendant's certification.

30. On April 5, 2024, ABWM wrote to Defendant to inform him that his certification was revoked. In that letter, ABWM explicitly informed Defendant that he was "no longer permitted to utilize the designation initials [CWSP] after your name professionally or otherwise." (*See* **Exhibit C**.)

31. Despite the revocation of his certification and ABWM's demands that he cease using the certification marks, Defendant continues to present himself to patients and prospective patients as a "CWSP." On his website, Defendant identifies himself as an "MD, CWSP." (*See* **Exhibit D**.)

32. On April 23, 2026, ABWM's counsel wrote to Defendant, stating:

> [i]t has come to ABWM's attention that your website (https://drkofisarfo.com/) states that you are a "CWSP" (Certified Wound Specialist Physician) and a "certified wound specialist." These statements are incorrect. Please promptly have them removed from your website and send me written confirmation … by May 1, 2026 that these statements have been removed.

(*See* **Exhibit E**.)

33. On May 12, 2026, ABWM's counsel sent another letter to Defendant. ABWM again requested that Defendant remove false statements from his website and other marketing materials and, in particular, that he cease claiming to be an ABWM CERTIFIED WOUND SPECIALIST PHYSICIAN or CWSP. (*See* **Exhibit F**.)

34. Defendant has not responded to the letters from ABWM's counsel, and he continues to identify himself as a "CWSP."

35. Defendant's continuing unauthorized use of the CERTIFIED WOUND SPECIALIST PHYSICIAN and CWSP marks is likely to cause confusion, to cause mistake, or to deceive patients, prospective patients, and members of the public into believing that Defendant is certified and/or endorsed by ABWM.





SNELL & WILMER

36. Defendant's continued use of the certification marks, despite repeated communications from ABWM and its counsel demanding cessation of such use, shows that Defendant's infringement is willful.

37. These willful actions, as described herein, are likely to deceive or confuse patients and the public and constitute a false designation of Defendant's credentials, qualifications, and services.

**CLAIM ONE**

**Violation of Section 32 of The Lanham Act**

38. ABWM incorporates Paragraphs 1 through 37 as if fully set forth herein.

39. Defendant is not certified by ABWM and, therefore, lacks authorization to promote himself with ABWM's CERTIFIED WOUND SPECIALIST PHYSICIAN and CWSP registered certification trademarks.

40. Defendant's actions constitute infringement of ABWM's registered certification marks and are likely to cause confusion, to cause mistake, or to deceive, as to the origin, sponsorship, or approval of Defendant's services, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. The acts and conduct of Defendant are willful and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

42. ABWM has been damaged and is being irreparably harmed by Defendant's conduct and will continue to be so damaged and harmed unless Defendant's conduct is enjoined by this Court.

**CLAIM TWO**

**Violation of Section 43 of The Lanham Act**

43. ABWM incorporates Paragraphs 1 through 37 as if fully set forth herein.

44. The actions of Defendant are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association between Defendant and ABWM.

SNELL & WILMER

45. Because of Defendant's wrongful use of the CERTIFIED WOUND SPECIALIST PHYSICIAN and CWSP marks since April 2024, the public is being deceived into believing that Defendant and his practice have been endorsed or approved by ABWM, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. The foregoing acts and conduct by Defendant constitute false designation of origin and false advertising in connection with services offered in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. ABWM has been damaged and is being irreparably harmed by Defendant's conduct and will continue to be damaged and harmed unless Defendant's conduct is enjoined by this Court.

**<u>CLAIM THREE</u>**

**<u>Trademark Infringement Pursuant To Nevada Common Law</u>**

48. ABWM incorporates Paragraphs 1 through 37 as if fully set forth herein.

49. ABWM owns common law trademark rights in the certification trademarks, CERTIFIED WOUND SPECIALIST PHYSICIAN and CWSP.

50. Defendant is using ABWM's certification marks without authorization. That use is likely to cause confusion, to cause mistake, or to deceive patients as to his qualifications to practice wound care in the best interest of patients and as to his affiliation, connection, or association with ABWM, in violation of Nevada common law. Accordingly, Defendant's use of the certification marks CERTIFIED WOUND SPECIALIST PHYSICIAN and CWSP constitutes trademark infringement pursuant to Nevada common law.

51. Defendant's conduct constitutes passing off, misappropriation of goodwill, and deceptive business practices.

52. Defendant has intentionally traded, and continues to intentionally trade, upon ABWM's reputation and goodwill.

53. Defendant's aforesaid acts have caused and will continue to cause ABWM to suffer damages and irreparable injury, and unless such acts are enjoined by this Court, such acts will be continued, and ABWM will continue to suffer damages and irreparable injury.

SNELL & WILMER

SNELL & WILMER

**REQUESTS FOR RELIEF**

Plaintiff requests the following relief:

1. An order permanently enjoining Defendant from:

   a. using the CERTIFIED WOUND SPECIALIST PHYSICIAN and CWSP marks in connection with his practice or engaging in any conduct that would likely cause confusion as to his lack of certification by ABWM; and

   b. doing any other act or thing likely to induce the belief that Defendant is certified by, or in any way affiliated with, sponsored by, or approved by, ABWM.

2. An order requiring Defendant to file with the Court and serve on ABWM, within thirty days after service any injunction, a sworn written report setting forth in detail the manner and form in which he has complied with the injunction, pursuant to 15 U.S.C. § 1116(a).

3. An order requiring Defendant to account for and pay to ABWM all profits that he derived from his unlawful conduct, together with ABWM's actual damages, pursuant to 15 U.S.C. § 1117(a) and Nevada common law.

4. An order declaring this to be an exceptional case within the meaning of 15 U.S.C. § 1117(a) and ordering Defendant to pay to ABWM enhanced damages of up to three times its actual damages due to the willful nature of his infringement.

5. An order requiring Defendant to compensate ABWM for the costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and pre-judgment interest as permitted by law.

/ / /

/ / /

/ / /

6. Such other relief as this Court deems just and proper.

Dated: October 27, 2026

SNELL & WILMER L.L.P.

By: */s/ Erin M. Gettel*
Charles E. Gianelloni
Erin M. Gettel

Ariel S. Peikes
(*Pro hac vice forthcoming*)
ARENTFOX SCHIFF LLP

*Attorneys for Plaintiff*
*American Board of Wound Management, Inc.*

SNELL & WILMER